United States District Court
Southern District of Texas
**ENTERED**
August 18, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DOUGLAS SIDES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-252 |
| | § | |
| UTMB HOSPITAL GALVESTON, | § | |
| | § | |
| Defendant. | § | |

## ORDER OF DISMISSAL

Plaintiff Douglas Sides (TDCJ #01435511), an inmate in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), has filed a civil rights complaint under 42 U.S.C. § 1983 (Dkt. 1). Sides, who proceeds *pro se* and *in forma pauperis*, alleges that the defendant, the University of Texas Medical Branch at Galveston ("UTMB"), delayed the removal of blockages in his urinary tract in contravention of his Constitutional rights (Dkt. 1 at p. 5).

When a prisoner seeks redress from a governmental entity, the presiding court must dismiss the complaint if it fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Sides has only sued one defendant, UTMB, and that defendant is a state agency that is immune from suit. *Lewis v. University of Texas Medical Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011). He has not named any other defendant, even as a John or Jane Doe. Section 1915A therefore demands dismissal.

Moreover, Sides's allegations do not rise to the level of an Eighth Amendment violation. According to Sides, he was supposed to undergo a surgical procedure to remove the blockages from his urinary tract in April of 2014, but an unspecified "complication" led UTMB personnel to recommend a different procedure (Dkt. 1 at p. 5). At Sides's request, UTMB personnel said that they would perform the originally scheduled procedure if the recommended procedure was unsuccessful (Dkt. 1 at p. 5). Sides apparently wants the Court to compel UTMB to perform the originally scheduled procedure instead of the recommended one (Dkt. 1 at p. 5).

A prisoner may succeed on a claim for damages under 42 U.S.C. § 1983 for inadequate medical care only if he demonstrates "deliberate indifference to serious medical needs" on the part of prison officials or other state actors. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The conduct alleged must "constitute an unnecessary and wanton infliction of pain" or "be repugnant to the conscience of mankind." *Id.* at 104–06 (quotation marks omitted). This is an "extremely high standard to meet"—*Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)—and, absent exceptional circumstances, it is not met by an incorrect diagnosis, unsuccessful medical treatment, acts of negligence, medical malpractice, or a prisoner's disagreement with his medical treatment. *Id.*; *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Rather, the prisoner must show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious

medical needs." *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009) (quotation marks omitted). Sides makes no such allegations; he alleges, at most, disagreement with the treatment he was provided.

Sides's complaint is **DISMISSED** with prejudice.

All pending motions are **DENIED**.

The Clerk will provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.

SIGNED at Galveston, Texas on August 17, 2016.

George C. Hanks
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE